IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHARLES AMBLE,

                Petitioner,                OPINION AND ORDER

     v.                                       09-cv-407-bbc

STEVE WATTERS, Director,
Sand Ridge Secure Treatment Center,

                Respondent.

---

Charles Amble, a person committed civilly as a sexually violent person pursuant to Wis. Stat. Ch. 980, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the five dollar filing fee. The petition is before the court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

Petitioner is in custody pursuant to a May 30, 2008 judgment of the Circuit Court for Fond du Lac County, committing him as a sexually violent person under Wisconsin's sexual predator statute. His commitment was upheld by the state appellate court. State v. Amble, 2008A2122-NM (Ct. App. Apr. 15, 2009), attached to Pet., dkt. #1, App. B. Petitioner contends that his commitment violates the substantive due process requirements outlined by the Supreme Court in Kansas v. Crane, 534 U.S. 407 (2002), and Kansas v. Hendricks, 521 U.S. 346 (1997). In Hendricks, 521 U.S. at 358, the Court upheld the constitutionality of Kansas's sexual predator statute, finding that it sufficiently "narrow[ed]

the class of persons eligible for confinement to those who are unable to control their dangerousness" because of a present mental condition, and thereby adequately distinguished those committed under the statute "from other dangerous persons who are perhaps more properly dealt with exclusively through criminal proceedings." Id. at 360.  In Crane, 534 U.S. at 870, the Court held that commitment under the same Kansas statute was not permissible unless there was proof that the sex offender had "serious difficulty in controlling behavior," and that this proof was sufficient to distinguish the dangerous sexual offender whose serious mental illness, abnormality, or disorder subjects him to civil commitment from the dangerous but typical recidivist convicted in an ordinary criminal case."

    Petitioner raises two specific claims:  1) the state's use of "actuarial instruments" at the commitment trial to prove his likelihood of reoffending violated his substantive due process rights under Crane and Hendricks because the instruments failed to show that any predicted future dangerous conduct is the result of a mental condition; and 2) his diagnosis of antisocial personality disorder is insufficient to distinguish him "from the dangerous but typical recidivist convicted in an ordinary criminal case," in violation of Crane and Hendricks.  Documents attached to the petition show that petitioner has exhausted his state court remedies by presenting these claims to the state appellate courts on direct appeal.

OPINION

A federal court may grant a writ of habeas corpus only if the petitioner shows that he is in custody in violation of the laws or treaties or Constitution of the United States. 28 U.S.C. § 2254. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief, the district court must dismiss the petition. Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, the district court may dismiss a petition summarily if it determines that the petition "raises a legal theory that is indisputably without merit" or contains factual allegations that are "palpably incredible." Small v. Endicott, 998 F.2d 411, 414 (7th Cir. 1993).

Important to understanding petitioner's claims is what he is *not* claiming. Petitioner does not appear to be claiming that the evidence adduced at his commitment trial was insufficient to show that, as a result of his mental disorder, he has "serious difficulty in controlling [his] behavior." Crane, 534 U.S. at 413. Instead, he appears to be arguing generally that, as a matter of law, the due process clause prohibits both the use of actuarial instruments to predict future dangerousness and the confinement of a person with antisocial personality disorder. So construed, his petition must be dismissed.

A. Admission of Actuarial Instruments

Like courts in other jurisdictions, Wisconsin courts have upheld the admissibility of testimony concerning actuarial instruments as a means of predicting future risk in sex

3

offender cases. In re Commitment of Smalley, 2007 WI App 2007, 305 Wis. 2d 709, 741 N.W. 2d 286; In re Commitment of Tainter, 2002 WI App 296, 259 Wis. 2d 387, 655 N.W. 2d 538. See also United States v. Shields, 597 F. Supp. 2d 224, 236 (D. Mass. 2009) (finding, after evidentiary hearing, that "actuarial risk assessments" were admissible in federal commitment proceeding under Adam Walsh Child Protection and Safety Act of 2006); In re Detention of Holtz, 653 N.W. 2d 613, 619 & n. 5 (Iowa App. 2002) (agreeing with recent conclusion of New Jersey Superior Court that no state appellate court had found actuarial instruments inadmissible at SVP proceedings, and citing state cases). In Smalley, 2007 WI App at ¶¶ 15-20, the committee made the same argument that petitioner appears to be making here: because the actuarial instruments fail to take an individual's mental disorder into account and merely predict dangerousness in general, they are irrelevant to the jury's task of determining whether the individual is dangerous *because of* a mental disorder. The court rejected the argument, concluding that although the instruments measured dangerousness without regard to Smalley's mental illness, the actuarial instruments were nevertheless relevant because Smalley's dangerousness was a fact of consequence to the proceedings. Id. at ¶20. Further, the jury was instructed that it had to find that Smalley was dangerous because of a mental disorder. Id. at ¶21.

To provide a basis for habeas relief, the admission of testimony regarding petitioner's scores on the actuarial instruments must have violated petitioner's federal constitutional rights. "[W]hen the state merely fails to limit the prosecution's evidence, the only

4

constitutional principle to which the defendant can appeal is a catch-all sense of due process, and the appeal almost always fails." Watkins v. Meloy, 95 F.3d 4, 7 (7th Cir. 1996) (citations omitted). "If the evidence is probative, it will be very difficult to find a ground for requiring as a matter of constitutional law that it be excluded; and if it is not probative, it will be hard to show how the defendant was hurt by its admission." Id. To cross the constitutional threshold, something more than a "garden variety" violation of the state's evidentiary rules must be shown. Id.

Petitioner has not done that here. As the court stated in McGee v. Bartow, 2007 WL 2442252, *3 (E.D. Wis. 2007), "[t]here is . . . nothing inherently wrong in an expert's use of actuarial-type instruments that predict future violence from past behavior: as the Seventh Circuit has noted in another case, '[e]ven Laxton's own expert acknowledged that his prior sexually violent acts could be a compelling predictor of future violent sexual offenses.'" (quoting Laxton v. Bartow, 421 F.3d 565, 572 (7th Cir. 2005)). Contrary to petitioner's suggestion, nothing in either Crane or Hendricks suggests that each *separate piece* of evidence the state presents to justify the civil commitment of a sex offender must link the person's predicted future dangerousness to his mental disorder. Rather, as the court recognized in Smalley, commitment is constitutionally permissible so long as the evidence, *overall*, provides that link. As I have already noted, petitioner does not contend that the state presented insufficient evidence at trial to support a finding that he is likely to commit sexually violent acts as a result of his mental disorder. Further, at the commitment trial, petitioner was

allowed to present testimony from a psychologist, who offered the opinion that actuarial instruments are unreliable. Amble, 2008A2122-NM, at 2. Because the actuarial instruments were relevant to proving dangerousness and petitioner was given the opportunity to present contrary evidence, he cannot show that the admission of the actuarial instruments violated his rights to due process as guaranteed by the Fourteenth Amendment. Spencer v. Texas, 385 U.S. 554, 563-564 (1967) ("Cases in this Court have long proceeded on the premise that the Due Process Clause guarantees the fundamental elements of fairness in a criminal trial . . . But it has never been thought that such cases establish this Court as a rulemaking organ for the promulgation of state rules of criminal procedure") (citations omitted).

## B. Antisocial Personality Disorder

Petitioner's second claim was rejected in Adams v. Bartow, 330 F.3d 957, 962-63 (7th Cir. 2003). Like petitioner, Adams contended that due process prevented a state from ever committing an individual who suffers from nothing more than an antisocial personality disorder. Id. Pointing out that the disorder was relatively common in the male prison population, he argued the state had not satisfied its burden under Hendricks to show that he was different from the typical recidivist in an ordinary criminal case. Id. The court rejected his argument, finding that the state court of appeals had found Adams eligible for confinement not merely because he was a sex offender with an antisocial personality

disorder, but also because of various other pieces of evidence, including "Adams's history of sexually violent crimes, history of non-sexual crimes and antisocial behavior, failures under court-ordered supervision, denial of responsibility, refusal to participate in sexual assault treatment programs and drug/alcohol treatment programs, and his sexual offense recidivism," along with the testimony of two experts who both thought it highly probable that Adams would continue to commit sexually violent acts. Id. at 963 (quoting In re Adams,332 Wis. 2d 60, 588 N.W. 2d 336, 341-42 (1998)). From Adams, it is clear that the state may commit a person with a diagnosis of antisocial personality disorder so long as it can meet its burden of showing that the person has serious difficulty in controlling his behavior as a result of the disorder.

Apart from his challenge to the actuarial instruments, petitioner does not allege that the state failed to meet its burden in his case. Although he argues generally that the types of evidence typically introduced by the state to meet its burden, which include recidivism predictions based on actuarial instruments, the person's conduct while in prison and his criminal history, do not distinguish the dangerous sexual offender from any ordinary convicted criminal, Pet., dkt. #1, at 12, he does not tailor his arguments to the evidence in his case. Instead, he appears to be challenging the state's general authority to commit an individual under Chapter 980 on the basis of a diagnosis of antisocial personality disorder. Because this claim has already been rejected by the Seventh Circuit, it must be dismissed.

ORDER

IT IS ORDERED that, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the petition of Charles Amble for a writ of habeas corpus is DISMISSED WITH PREJUDICE.

Entered this 8th day of July, 2009.

BY THE COURT:

*Barbara B. Crabb*
_____
BARBARA B. CRABB
District Judge